UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

KARL DELK,

                Petitioner,

        - against -

WILLIAM P. MAZZUCA,

                Respondent.

------------------------------------------------------------- x

**MEMORANDUM AND ORDER**

05-CV-2557-ENV

**VITALIANO, D.J.**

*Pro se* petitioner Karl Delk seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his guilty plea and subsequent sentencing for the crimes of second degree criminal possession of controlled substances and second degree criminal possession of a weapon. The petition is grounded on two theories of relief: (1) both of his trial counsel performed inadequately in violation of the rule announced in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); and (2) the trial court lacked "jurisdiction" to accept the guilty plea on the weapon possession charge. For the reasons set forth below, Delk's writ is denied and his petition is dismissed.

## Background

On March 15, 2002, petitioner was arrested following a narcotics investigation during which he sold crack-cocaine to an undercover police officer on several occasions. Pursuant to a search warrant, the police recovered from his apartment a Ziploc bag containing crack-cocaine, approximately $20,000, a .40 caliber handgun, an AK-47 rifle, and ammunition, some of which was compatible with both weapons. Petitioner was subsequently indicted on several charges,

including: criminal sale of controlled substance in the first and second degree, N.Y. Penal Law §§ 220.43[1] & 220.41[1]; criminal possession of controlled substance in the first, second, third and fifth degree, id. §§ 220.21[1], 220.18[1], 220.16[12], & 220.06[5]; criminal possession of a weapon in the second and fourth degree, id. §§ 265.03[2] & 265.01[1]; and criminal use of drug paraphernalia in the second degree, id. § 220.50[2], [3].

On the day after his arrest, petitioner retained Frank Paone as counsel. On October 30, 2002, petitioner addressed the Supreme Court, Kings County, and requested new counsel. (Transcript of Hearing, People v. Delk, Indict. No. 1743/02 (Kings County Ct. Oct. 30, 2002) at 2-4.) The prosecution had offered a plea bargain: in return for pleading guilty to second degree criminal possession of a weapon and second degree criminal possession of a controlled substance, Delk would receive a sentence of eight and a third years to life for the controlled substances charge, and a concurrent five year sentence for the weapons charge. Paone explained to the court that he had advised petitioner to take the offer, but petitioner maintained that he had "different views of things" from his attorney. The prosecution told the court that if the trial were adjourned, they would retract their offer. (Id.) Ultimately, the court agreed to assign Ivan Vogel as new counsel, but ensured that the plea offer would be kept open for more time. (Id. at 4.)

On November 15, 2002, petitioner accepted the deal and pled. (Transcript of Hearing, People v. Delk, Indict. No. 1743/02 (Kings County Ct. Nov. 15, 2002) at 2-8.) Petitioner allocuted that he knowingly and unlawfully possessed more than four ounces of crack-cocaine, and that he knowingly and unlawfully possessed a loaded AK-47 rifle and .40 caliber handgun with intent to use them unlawfully. (Id. at 4-5.) In direct response to the trial court's questioning, petitioner acknowledged that (1) no one threatened or forced him to plead guilty; and (2) he understood that by pleading guilty he waived his right to a trial and his right to appeal his

conviction. (Id. at 5-6.) On December 3, 2002, petitioner was sentenced to the concurrent sentences in accordance with the plea bargain.

Despite the waiver, petitioner directly appealed to the Appellate Division, Second Department, arguing that his sentence was excessive. On October 20, 2003, the sentence was affirmed by the Second Department without issuing a substantive opinion. People v. Delk, 309 A.D.2d 1314, 766 N.Y.S.2d 416 (2nd Dep't 2003). The New York Court of Appeals denied petitioner leave to further appeal on December 12, 2003. People v. Delk, 1 N.Y.3d 570, 775 N.Y.S.2d 787, 807 N.E.2d 900 (2003).

Petitioner also filed a § 440 motion to vacate the judgment of conviction, arguing (1) both trial counsel provided ineffective assistance by failing to request a Mapp hearing that would have revealed that his arrest was based on an unconstitutional warrant, and (2) his guilty plea was "coerced" by their bad advice. On October 27, 2004, the court denied petitioner's motion, noting that the claim was "baseless" and that counsel's efforts led to "a very favorable plea bargain which substantially limited his exposure to imprisonment." See Order dated October 27, 2004, People v. Delk, Indict. No. 1743/02 (Kings County Ct. 2004). The court explained that "[a] reasonable attorney could have concluded that the motion to controvert the search warrant would have lacked a credible basis," and that petitioner merely disagreed with counsel's strategic decision to not "pursue a potentially futile endeavor." In any event, the court reviewed the relevant warrant application and grand jury minutes, and found them sufficient to establish probable cause. Finally, the court found that the "coercion" claim was contradicted by the record of his plea, which made it clear that he entered into the plea knowingly, intelligently, and voluntarily.

Petitioner's application for leave to appeal the denial of his § 440 motion was denied by the Second Department on February 24, 2005. Petitioner filed the instant petition on May 17, 2005.[1]

## Discussion

### I. The AEDPA Standard

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a writ of habeas corpus shall not issue with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication (1) was contrary to or involved an unreasonable application of clearly established federal law, as determined by the United States Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); see Gutierrez v McGinnis, 389 F.3d 300, 304 (2d Cir. 2004) (describing this standard as "AEDPA deference"). A state court decision is "contrary to" established federal precedent if it "contradicts the governing law set forth in [Supreme Court] cases" or arrives at a different conclusion from the Supreme Court on "materially indistinguishable" facts. Williams v. Taylor, 529 U.S. 362, 405-06, 120 S. Ct. 1495, 1519-20 (2000). A state court decision involves an "unreasonable application" of federal law if it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of" that case. Id. at 413. Further, the state court's application must have been "objectively unreasonable" for a writ to issue. Id. at 409; see Francis S. v. Stone. 221 F.3d 100, 111 (2d Cir. 2000) (explaining that the standard requires "[s]ome increment of incorrectness beyond error").

---

[1] In 2007, Delk moved the state courts for resentencing pursuant to the Drug Law Reform Act of 2005. The Kings County court's denial of the motion was affirmed by the Second Department on February 24, 2009. People v. Delk, 9 A.D.3d 733, 875 N.Y.S.2d 101 (2nd Dep't 2009). These subsequent proceedings are not material to this application.

4

## II. Ineffective Assistance of Counsel

Delk argues that both Paone and Vogel were ineffective on two grounds: (1) they coerced him into his guilty plea by providing him with bad advice; and (2) they failed to pursue a Mapp hearing – to which the prosecution had consented – and challenge the sufficiency of the search warrant that led to the recovery of petitioner's controlled substances and weapons.

"A criminal defendant has a high burden to overcome to prove the deficiency of his counsel." Lynn v. Bliden, 443 F.3d 238, 247 (2d Cir. 2006). Pursuant to the standard established by the Supreme Court, a petitioner must "meet both a 'performance' test, showing that counsel's representation 'fell below an objective standard of reasonableness,' and a 'prejudice' test, demonstrating that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Palacios v. Burge, 589 F.3d 556, 561 (2d Cir. 2009) (quoting Strickland, 466 U.S. at 688, 694). In assessing the objective reasonableness of counsel's performance, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and "eliminate the distorting effects of hindsight." Brown v. Greene, 577 F.3d 107, 110 (2d Cir. 2009) (internal quotation marks omitted). However, in determining prejudice, a court may benefit from hindsight. Hemstreet v. Greiner, 491 F.3d 84, 91 (2d Cir. 2007).

For habeas petitioners, this burden of establishing ineffective assistance is "enhanced by the hurdle posed by the highly deferential review accorded state court adjudications under [AEDPA]." Mosby v. Senkowski, 470 F.3d 515, 519 (2d Cir. 2006) (quoting Eze v. Senkowski, 321 F.3d 110, 112 (2d Cir. 2003)); see also Hemstreet, 491 F.3d at 89 (explaining that defendants must show that the state court's application of Strickland "was not merely incorrect, but objectively unreasonable"). The issue, therefore, is whether the state court's rejection of

Delk's ineffective assistance claim was contrary to or an unreasonable application of federal law as "clearly established" in Strickland. Taylor, 529 U.S. at 391, 120 S. Ct. at 1512.

Regardless of the level of deference, petitioner's "coercion" claim is meritless. To be sure, "[i]t is beyond dispute that a guilty plea must be both knowing and voluntary." Parke v. Raley, 506 U.S. 20, 28, 113 S. Ct. 517, 523 (1992); see Rodriguez v. Conway, 07-CV-9863, 2009 U.S. Dist. LEXIS 21830, at *58 (S.D.N.Y. Mar. 13, 2009) ("Constitutional due process requires that a guilty plea be voluntary, knowing and intelligent."). Delk's claim of coercion is flatly contradicted by his statements expressing his volition and understanding of his plea. See Rodriguez, 2009 U.S. Dist. LEXIS 21830, at *65-*66 (finding that petitioner's plea hearing statements "refute his current claim of coercion and involuntariness"); McCants v. McCoy, 00-CV-6444, 2008 U.S. Dist. LEXIS 111660, at *14-*15 (W.D.N.Y. Sept. 11, 2008) ("Where a defendant 'has explicitly stated in his allocution that he fully understands the consequences of his plea and that he has chosen to plead guilty after a thorough consultation with his attorney, a district court on habeas review may rely on the defendant's sworn statements and hold him to them.'") (quoting Padilla v. Keane, 331 F. Supp. 2d 209, 217 (S.D.N.Y. 2004)); France v. Strack, 99-CV-2510, 2001 U.S. Dist. LEXIS 1319, at *12-*13 (E.D.N.Y. Jan. 30, 2001) ("Where a petitioner's claims of mistake and coercion find no support in the record and are contradicted by the statements made under oath at the plea proceeding, they do not entitle him to relief.").

Even disregarding this estoppel, petitioner's sole specific basis for alleging that Paone and Vogel pressured him to accept the plea bargain is his contention that Vogel told him that he would not succeed at trial, and that the District Attorney was "personally monitoring" the case

due to community complaints.[2] Nonetheless, petitioner cannot establish, more importantly, that this provision of practical advice was false, inappropriate, or coercive in any manner. See United States v. Doe, 537 F.3d 204, 211 (2d Cir. 2008) ("[T]he Supreme Court has instructed that, with regard to voluntariness, a guilty plea 'must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).'") (quoting Brady v. United States, 397 U.S. 742, 755, 90 S. Ct. 1463, 1472 (1970)).

Since Delk cannot establish that his waiver of appeal rights was not knowing or voluntary, his other claims of ineffective assistance of counsel are foreclosed. See Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); Lebowitz v. United States, 877 F.2d 207, 209 (2d Cir. 1989) ("The settled rule is that a defendant who knowingly and voluntarily enters a guilty plea waives all nonjurisdictional defects in the prior proceedings."); Rodriguez v. Conway, 06-CV-6358, 2010 U.S. Dist. LEXIS 888, at *18-*19 (E.D.N.Y. Jan 6, 2010) ("A knowing and voluntary plea precludes a habeas petitioner from challenging the legality of events occurring prior to the entry of his guilty plea."). Yet, above all, even if the Court addressed the merits of petitioner's ineffective assistance claim, he can neither rebut the presumption that both Paone and Vogel provided objectively reasonable assistance, nor demonstrate that their pursuit of a Mapp hearing would have changed the outcome.

---

[2] In an April 7, 2003 letter, Vogel acknowledged that he discussed this information and the "overall strength of the prosecution's case" with Delk. He also "emphasized to Mr. Delk that should a trial court deny suppression the [plea] offer was off the table."

Delk argues that the search warrant lacked sufficient probable cause because (1) the affidavit of the detective who was watching his premises did not state that he saw him engage in criminal activity; and (2) the search warrant noted "controlled substances," but did not reference "weapons." Neither claim has any merit. Detective Anthony Barksdale's affidavit in support of the warrant explains that an investigation yielded several purchases from Delk of crack-cocaine by an undercover police officer, and that his address was obtained from the Department of Motor Vehicles. Barksdale further delineated several drug purchases, including on February 12, 2002, when petitioner's co-defendant entered a blue Pontiac and emerged with illegal narcotics. Fifteen minutes earlier, Barksdale had observed Delk leave his apartment and enter a blue Pontiac. This was one fact among many that clearly evidenced probable cause. Further, the fact that the warrant did not specifically reference "weapons" did not preclude the police from confiscating other illegal materials recovered from the apartment once it was subjected to a valid search.

Given these facts, the state court did not err in concluding that it was not objectively unreasonable for petitioner's counsel to refuse to pursue the Mapp hearing and jeopardize the existence of the plea offer. Moreover, the court's determination that it would have found probable cause if it had conducted a merits review undermines any allegation of prejudice due to ineffective assistance. On the contrary, counsel's efforts earned petitioner a minimum sentence of eight years, substantially less than the 25 years sought by the prosecution if he had refused the plea offer.

### III. The Trial Court's "Jurisdiction" To Accept The Guilty Plea

Petitioner also argues that the state court lacked jurisdiction to accept his guilty plea because it was "baseless, improvident, and based on a hypothetical crime." It is unclear on what

basis petitioner attempts to shoehorn his claim into that of a "jurisdictional" issue (presumably in order to get past his waiver of the right to appeal based on alleged constitutional deprivations prior to his guilty plea, see supra). Since the Court has determined that Delk cannot demonstrate that his plea was involuntary or coerced in any manner, any claim that the available evidence did not support the crimes of which he was convicted cannot survive habeas review. However, even if such a claim was cognizable, it is without substantive merit.

Petitioner basically asserts that there was legally insufficient evidence to provide a basis for the second degree weapon possession charge. Under New York law, a defendant is guilty of criminal possession of a weapon in the second degree when "with intent to use the same unlawfully against another, such person . . . possesses a loaded firearm." N.Y. Penal Law § 265.03[1]. Petitioner contends that the second degree weapon possession charge was "hypothetical" because there was no grand jury testimony or other evidence indicating that he had a loaded weapon. But petitioner disregards his own allocution that he unlawfully possessed a loaded AK-47 rifle. Further, New York's definition of "loaded firearm" includes "any firearm which is possessed by one who, at the same time, possesses a quantity of ammunition which may be used to discharge such firearm." Here, grand jury testimony noted that the police recovered not only the weapons, but also ammunition, some of which was compatible with those weapons. Petitioner's claim is therefore baseless.[3]

## Conclusion

For all of the foregoing reasons, Delk's petition for a writ of habeas corpus is dismissed with prejudice and the writ is denied. Since Delk has not made a substantial showing of the

---

[3] Delk also argues that since "the weapons were found in his home," he should not have been convicted of a felony. However, defendant pled guilty to second degree weapon possession, which is a felony, and is in no way contingent on whether the weapon was found inside or outside one's home. The "home" defense only applies to third degree weapons possession. N.Y. Penal Law §265.02(4).

denial of a constitutional right, a certificate of appealability shall not issue. 28 U.S.C. § 2253(c)(2). Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917, 920-21 (1962).

The Clerk of the Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
May 5, 2010

ERIC N. VITALIANO
United States District Judge